UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI QUINTELL,<br>    Plaintiff,<br>  v.<br>DANIEL TOMKO,<br>    Defendant. | Case No. 22-cv-09158-JCS<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL UNDER 28 U.S.C. § 1915** |

## I. INTRODUCTION

Plaintiff Randi Quintell, pro se, applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 4. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not allege facts establishing federal jurisdiction or plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing the basis for federal jurisdiction and why her complaint is sufficient, no later than **February 8, 2022**. The Case Management Conference set for March 31, 2023 is vacated.

## II. THE COMPLAINT[1]

Plaintiff has filed a form complaint against Defendant Daniel Temko, listing two addresses for Defendant – one in Oakland, California and another in San Leandro, California. She also describes Defendant as a citizen of "California/Pennsylvania" and "All foreign/galactic." She has

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

checked the box for "federal question" jurisdiction. In the Statement of Claim section, she has written: "● See Attachments ● All Entiritys [sic] ● Before Any others pass away without giving me my propertys [sic] and assets as 9 others have left." The attachments are a series of documents, including what appear to be statements and communications by Plaintiff, relating to claims that Plaintiff's property and belongings have been stolen. Although there is no clear statement of facts, the attachments suggest that Plaintiff's claims relate to a dispute involving the inheritance of a home in San Leandro, California and Plaintiff's alleged ownership of the home and the personal property in it.

### III.   ANALYSIS

#### A.   Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must

allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.   Discussion**

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist*., 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy. Here, Plaintiff alleges that there is federal question jurisdiction, but she has not cited any violation of a federal statute or of the United States Constitution in her Complaint. It also does not appear that Plaintiff can establish diversity jurisdiction as both Plaintiff and Defendant appear to reside in California.

Further, Plaintiff has not provided "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As a result, the Court cannot determine whether she has a plausible claim against Defendant under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that there is no federal jurisdiction and/or that she has failed to state a claim. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by **February 8, 2023.** If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (22-cv-9158) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: January 4, 2023

JOSEPH C. SPERO
Chief Magistrate Judge

4